IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                PLAINTIFF

v.                                            CRIMINAL NO. 3:14cr111HTW-FKB

CHRISTOPHER B. EPPS                                  DEFENDANT

## AGREED PRELIMINARY ORDER OF FORFEITURE

PURSUANT to a separate Plea Agreement and Plea Supplement between the defendant, **CHRISTOPHER B. EPPS**, by and with the consent of his attorney, and the **UNITED STATES OF AMERICA** (hereinafter "the Government"), **CHRISTOPHER B. EPPS** agrees that the following findings are correct, and further agrees with the adjudications made herein. Accordingly, the Court finds as follows:

1. The defendant is fully aware of the consequences of having agreed to forfeit to the Government his interests in and to the hereinafter described property, having been apprised of such by his attorney and by this Court; and he has freely and voluntarily, with knowledge of the consequences, entered into a Plea Agreement and Plea Supplement with the Government to forfeit such property.

2. The defendant agrees the following assets:

   1) Real property located at 1100 West Beach Boulevard, Unit 304, Pass Christian, Harrison County, Mississippi, more particularly described as follows:

      Unit Number Three Hundred Four (304), PASS MARIANNE CONDOMINIUMS, a condominium according to the official map or plat thereof on file and on record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 50 at page 6 thereof, together with an undivided interest in and to the common elements and appurtenances thereof,

1

as set forth in the Declaration of Condominiums and therefore subject to that certain Declaration of Condominium recorded as Instrument #2007-8014-D-J1 and corrected and re-recorded as Instrument #2007-8385-D-J1 thereof;

2) Real property located at 511 Shalom Way, Flowood, Rankin County, Mississippi more particularly described as:

LOT 22, LINEAGE LAKE OF LAKELAND, PART 1 AMENDED, a subdivision according to the map or plat thereof on file and of record in the office of the Chancery Clerk of Rankin County at Brandon, Mississippi in Plat Cabinet D at Slots 44, 45 and 46, reference to which map or plat is hereby made in aid of and as a part of this description.

TOGETHER WITH: an easement for ingress and egress and regress over all private streets and right-of-ways by virtue of Article VIII, Section 8.1, 8.2 and 8.7 of the covenants as recorded in Book 1042 at Page 490;

3) All funds on deposit in Edward Jones account numbered XXX-XX764-1-0;

4) All funds on deposit in Edward Jones account numbered XXX-XX711-1-6;

5) All funds on deposit in Regions Bank account numbered XXXXX1628, but not to exceed $7,392.70;

6) All funds on deposit in Regions Bank account numbered XXXXX1636, but not to exceed $6,271.14:

7) All funds on deposit in Bank Plus account numbered XXXXX2116, but not to exceed $8,409.19;

8) One (1) 2010 Mercedes Benz S550, VIN: WDDNG7BB6AA331787;

9) One (1) 2007 Mercedes Benz S65 V12 AMG, VIN: WDDNG79X37A053800; and

10) $69,600.00 in United States Currency seized from the home of the defendant, 511 Shalom Way, Flowood, Mississippi on June 24, 2014, pursuant to a search warrant.

is property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the offenses charged in the Indictment and/or was used, or intended to be

used, in any manner or part, to commit, or to facilitate the commission of the offenses charged in the Indictment and/or was involved in the offenses charged in the Indictment. Such property is, therefore, subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), Title 26, United States Code, Sections 7301(a)-(e) and 7303, and Title 28, United States Code, Section 2461.

3. The defendant has been apprised that Rule 32.2 of the Federal Rules of Criminal Procedure, and Title 18, United States Code, Section 982 require the Court to order the forfeiture of the above described property at, and as a part of, the sentencing proceeding. The defendant does hereby waive such requirement and the requirement that the forfeiture be made a part of the sentence as ordered by the Court in the document entitled, "Judgment in a Criminal Case." The defendant and his attorney further agree that the Court should enter this order immediately, and agree that the forfeiture ordered hereunder will be a part of the sentence of the Court regardless whether ordered at that proceeding and/or whether attached as a part of the said Judgment in the Criminal Case.

IT IS, THEREFORE, ORDERED AND ADJUDGED AS FOLLOWS:

a. That the defendant shall forfeit to the United States,

1) Real property located at 1100 West Beach Boulevard, Unit 304, Pass Christian, Harrison County, Mississippi, more particularly described as follows:

Unit Number Three Hundred Four (304), PASS MARIANNE CONDOMINIUMS, a condominium according to the official map or plat thereof on file and on record in the office of the Chancery Clerk of the First Judicial District of Harrison County, Mississippi, in Plat Book 50 at page 6 thereof, together with an undivided interest in and to the common elements and appurtenances thereof, as set forth in the Declaration of Condominiums and therefore subject to that certain Declaration of Condominium recorded as Instrument #2007-8014-D-J1 and corrected and re-recorded as Instrument #2007-8385-D-J1 thereof;

2) Real property located at 511 Shalom Way, Flowood, Rankin County, Mississippi more particularly described as:

LOT 22, LINEAGE LAKE OF LAKELAND, PART 1 AMENDED, a subdivision according to the map or plat thereof on file and of record in the office of the Chancery Clerk of Rankin County at Brandon, Mississippi in Plat Cabinet D at Slots 44, 45 and 46, reference to which map or plat is hereby made in aid of and as a part of this description.

TOGETHER WITH: an easement for ingress and egress and regress over all private streets and right-of-ways by virtue of Article VIII, Section 8.1, 8.2 and 8.7 of the covenants as recorded in Book 1042 at Page 490;

3) All funds on deposit in Edward Jones account numbered XXX-XX764-1-0;

4) All funds on deposit in Edward Jones account numbered XXX-XX711-1-6;

5) All funds on deposit in Regions Bank account numbered XXXXX1628, but not to exceed $7,392.70;

6) All funds on deposit in Regions Bank account numbered XXXXX1636, but not to exceed $6,271.14:

7) All funds on deposit in Bank Plus account numbered XXXXX2116, but not to exceed $8,409.19;

8) ~~All funds on deposit in Mississippi Public Employees Credit Union account numbered XXXXX2469;~~ *DMH* *[initials]* *[initials]*

9) One (1) 2010 Mercedes Benz S550, VIN: WDDNG7BB6AA331787;

10) One (1) 2007 Mercedes Benz S65 V12 AMG, VIN: WDDNG79X37A053800; and

11) $69,600.00 in United States Currency seized from the home of the defendant, 511 Shalom Way, Flowood, Mississippi on June 24, 2014, pursuant to a search warrant.

b. The Court has determined, based on defendant's Plea Agreement and Plea Supplement, that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(1), Title 26, United States Code, Sections 7301(a)-(e) and 7303, and Title 28, United States Code, Section 2461, that the defendant had an interest in such property and that the government has established

4

the requisite nexus between such property and such offense.

c. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property.

d. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Fed. R. Crim. P. 32.2(c)(1).

e. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n).

f. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

g. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the

nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

h. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

i. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), 31 U.S.C. § 5317(c) and 5332, and 28 U.S.C. § 2461(c) for the filing of third party petitions.

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e)(2)(A).

SO ORDERED AND ADJUDGED this 25th day of February 2015.

_____
UNITED STATES DISTRICT JUDGE

AGREED:

_____
D. MICHAEL HURST, JR.
Assistant United States Attorney

_____
CHRISTOPHER B. EPPS
Defendant

_____
JOHN COLETTE
Attorney for Defendant