IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                                    CRIMINAL ACTION NO. 3:14CR111HTW-FKB

CECIL McCRORY                                                         DEFENDANT

## STIPULATION TO RECOGNIZE CLAIM
## OF WILBURN HYCHE and JOYCE HYCHE

IT IS HEREBY STIPULATED by and between the United States of America (hereinafter referred to as the "**GOVERNMENT**"), and Claimants, **WILBURN HYCHE and JOYCE HYCHE** (hereinafter referred to as "**CLAIMANTS**"), to compromise and settle the claim filed by **WILBURN HYCHE and JOYCE HYCHE** in the above styled and numbered criminal case according to the following terms:

1.   The **GOVERNMENT** recognizes that **WILBURN HYCHE and JOYCE HYCHE** hold a valid lien on the real property identified in the Notice of Forfeiture, more particularly described as follows:

### REAL PROPERTY

**Real property located at 104 Office Park Drive more particularly described as:**

**Tract I:**
**Commence at a point where the East line of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi intersects the South right-of-way line of U. S. Highway 80 and run thence North 89 degrees 57 minutes West along said right-of-way line for 1,822.3 feet to a point; run thence South 00 degrees 25 minutes East for 45.0 feet to a point; run thence South 89 degrees 57 minutes East for 100.0 feet to a point; run thence South 00 degrees 25 minutes East for 200.0 feet to the Point of Beginning of the land described herein; continue thence South 00 degrees 25 minutes East for 100.0 feet to an iron pin; run thence North 89 degrees**

1

57 minutes West for 120.0 feet to an iron pin; run thence North 00 degrees 25 minutes West for 100.0 feet to an iron pin; run thence South 89 degrees 57 minutes East for 120.0 feet to an iron pin and the Point of Beginning. The above described lot lying and being situated in the NW ¼ of the NE ¼ of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi, containing 0.275 acres, more or less.

AND ALSO:

Tract II:

Commence at a point where the East line of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi intersects the South right-of-way line of U. S. Highway 80 and run thence North 89 degrees 57 minutes West and along said right-of-way line for a distance of 1,822.3 feet to a point; run thence South 00 degrees 25 minutes East for a distance of 245.0 feet to a point; run thence North 89 degrees 57 minutes West for a distance of 20.0 feet to the Point of Beginning. Run thence South 00 degrees 25 minutes East for a distance of 100.0 feet to a point; run thence North 89 degrees 57 minutes West for a distance of 30.0 feet to a point; run thence North 00 degrees 25 minutes West for a distance of 100.0 feet to a point; run thence South 89 degrees 57 minutes East for a distance of 30.0 feet to the Point of Beginning. The above described property lying and being situated in the Northeast Quarter of the Northeast Quarter of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi, and containing 0.069 acres, more or less.

INDEXING INSTRUCTIONS:
TRACT 1: NW ¼ of the NE ¼ of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi.
TRACT II: NE ¼ of the NE ¼ of Section 18, Township 5 North, Range 3 East, Rankin County, Mississippi.

2. The **GOVERNMENT** hereby recognizes the claim of **WILBURN HYCHE and JOYCE HYCHE** and agrees that upon entry of a Final Order of Forfeiture, forfeiting the above-described real property to the **GOVERNMENT** and upon the sale of the above-described real property by the **GOVERNMENT**, the **GOVERNMENT** will pay **WILBURN HYCHE and JOYCE HYCHE** the following sums from the proceeds of the sale (after deducting all costs of the sale):

2

a. an unpaid balance as of March 1, 2015, of $82,432.75, plus accrued interest, at the contractual rate of $12.90 per day under its Deed of Trust.

3. If the **GOVERNMENT** determines that the appraised value of the property does not warrant the sale of the property, the **GOVERNMENT** is to return the property to **WILBURN HYCHE and JOYCE HYCHE**.

4. As part of the closing on the sale of the real property, **WILBURN HYCHE and JOYCE HYCHE** will cancel and surrender its Deed of Trust, and the sums due **WILBURN HYCHE and JOYCE HYCHE** will be paid from the funds generated by the sale.

5. The payment to **WILBURN HYCHE and JOYCE HYCHE** shall be in full settlement and satisfaction of any and all claims by **WILBURN HYCHE and JOYCE HYCHE** to the real property and all claims resulting from the incidents or circumstances giving rise to this matter.

6. Upon payment, Claimants **WILBURN HYCHE and JOYCE HYCHE** agree to assign and convey their interest to the **GOVERNMENT**, and to release and hold harmless the **GOVERNMENT**, and any agents, servants, and employees of the **GOVERNMENT** (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by **WILBURN HYCHE and JOYCE HYCHE** and their agents which currently exist or which may arise as a result of the **GOVERNMENT'S** action against the above-described real property.

7. Claimants, **WILBURN HYCHE and JOYCE HYCHE**, acknowledge by entering into this Stipulation that the **GOVERNMENT** promptly recognized their claim and by so doing did not cause it to incur additional costs or fees.

8. As a part of this settlement, Claimants, **WILBURN HYCHE and JOYCE HYCHE,** agree not to pursue against the **GOVERNMENT** any other rights that it may have under the Deed of Trust.

9. Claimants, **WILBURN HYCHE and JOYCE HYCHE,** understand and agree that by entering into this Stipulation, they waive any rights to further litigate against the **GOVERNMENT** their interests in the real property and to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this Court, **WILBURN HYCHE and JOYCE HYCHE** are hereby excused and relieved from further participation in this action.

10. The parties agree to execute further documents, to the extent necessary, to convey clear title to the real property to the **GOVERNMENT** and to further implement the terms of this settlement. Each party agrees to bear its own costs and attorney's fees.

11. The terms of this Stipulation of Settlement are contingent upon forfeiture of the real property to the **GOVERNMENT** and the Court's entry of a Final Order of Forfeiture. Further, the parties agree that this Stipulation shall be filed in this cause and shall be made a part of the record in this case.

12. This Stipulation in no way limits the right of **WILBURN HYCHE and JOYCE HYCHE** to pursue any remedy against the borrower.

13. Claimants, **WILBURN HYCHE and JOYCE HYCHE,** understand and agree that the **GOVERNMENT** reserves the right to void this Stipulation and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after the date of this agreement for economic reasons.

WITNESS OUR SIGNATURES, as dated and set forth below.

UNITED STATES OF AMERICA

GREGORY K. DAVIS
United States Attorney for the
Southern District of Mississippi

_4-1-15_ Date    By: _[signature]_
J. Scott Gilbert, Assistant United States Attorney

_3-25-15_ Date    By: _[signature]_
WILBURN Hyche, Claimant

_3-25-15_ Date    By: _[signature]_
Joyce Hyche, Claimant


J. Scott Gilbert
Assistant United States Attorney
501 E. Court Street, Suite 4.430
Jackson, Mississippi 39201
Mississippi Bar No. 102123
(601) 965-4480 Telephone
(601) 965-4409 Facsimile
Scott.Gilbert@usdoj.gov

## CERTIFICATE OF SERVICE

I, J. Scott Gilbert, hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the appropriate counsel in this case.

THIS the 1st day of April, 2015.

By: _____
J. Scott Gilbert
Assistant United States Attorney