IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                   CRIMINAL No. 3:14cr111HTW-FKB

CHRISTOPHER B. EPPS

**UNOPPOSED MOTION PURSUANT TO
FED. R. CRIM. P. 32.2(c)(1)(B)
<u>FOR AN ORDER AUTHORIZING DISCOVERY</u>**

The United States, by and through its United States Attorney, files this unopposed motion pursuant to Fed. R. Crim. P. 32.2(c)(1)(B) for an order authorizing discovery. In support thereof, the United States shows the following:

Petitioner Catherlean S. Epps asserts a claim to the following property:

1. Real property located at 1100 West Beach Boulevard, Unit 304, Pass Christian, Harrison County, Mississippi;

2. Real property located at 511 Shalom Way, Flowood, Rankin County, Mississippi;

3. All funds on deposit in Edward Jones account numbered XXX-XX764-1-0;

4. All funds on deposit in Edward Jones account numbered XXX-XX711-1-6;

5. One (1) 2010 Mercedes Benz S550, VIN WDDNG7BB6AA331787; and

6. One (1) 2007 Mercedes Benz S65 V12 AMG, VIN WDDNG79X37A053800;

(herein the "Subject Property"), which the court ordered defendant Christopher B. Epps to forfeit as a result of his guilty plea to the Indictment. Rule 32.2(c)(1)(B) of the Federal Rules of Criminal Procedure provides that the court may "permit the parties to conduct discovery in accordance with the Federal Rules of Civil Procedure if the court determines that discovery is necessary or desirable to resolve factual issues."

Discovery in an ancillary proceeding is appropriate after the disposition of any dispositive motion under Crim. R. 32.2(c)(1)(A), such as a motion to dismiss for lack of standing or failure to state a claim, and prior to any hearing on the Petitioner's claim.  Crim. R. 32.2(c)(1)(B); see also United States v. BCCI Holdings (Luxembourg) S.A., 961 F. Supp. 282 (D.D.C. 1997) (noting that it was not unreasonable for government to await outcome of its motion to dismiss before requesting discovery from third-party petitioner).

The court exercises wide discretion in authorizing discovery in ancillary proceedings. See United States v. Moffitt, Zwerling & Kemler, P.C., 83 F.3d 660, 671 (4th Cir. 1996). Criminal Rule 32.2(c)(1)(B) provides that Rule 26 of the Federal Rules of Civil Procedure[1] governs discovery in ancillary proceedings. Accordingly, parties may obtain discovery regarding any relevant matter that is not privileged. Moreover, the information sought need not be admissible, but must be "reasonably calculated" to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1).

Here, the government seeks discovery from Petitioner Catherlean S. Epps concerning the timing and circumstances surrounding petitioner's alleged acquisition of the subject property and all documentation pertaining to the transfer of the subject property to Catherlean S. Epps. This information is necessary to resolve Petitioner's claim to the subject property, which is a disputed issue of fact in this proceeding. To obtain this information, the government seeks discovery in any manner authorized by the Federal Rules of Civil Procedure, including, but not limited to, relevant depositions, interrogatories, and document demands.  The Government and Claimant's counsel have agreed to take the depositions of pertinent witnesses on August 13-14, 2015.

---

[1] Even prior to Crim. R. 32.2, courts permitted discovery in ancillary proceedings, applying the civil rules of discovery.  See, e.g., United States v. Porcelli, 1992 WL 355584 *3 (E.D.N.Y. 1992) (citing the "civil" nature of ancillary proceedings).

The Government has already provided some discovery to the Claimant, Catherlean S. Epps, however additional discovery will likely be necessary.

For all the above reasons, the United States requests that the Court issue an order pursuant to Fed. R. Crim P. 32.2(c)(1)(B), authorizing discovery in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted, this the 15th day of July, 2015.

                                  UNITED STATES OF AMERICA

                                  GREGORY K. DAVIS
                                  United States Attorney

By:   /s/ J. Scott Gilbert
        J. SCOTT GILBERT
        Assistant United States Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the appropriate counsel in this case.

    THIS the 15th day of July, 2015.

                                             UNITED STATES OF AMERICA

                                             GREGORY K. DAVIS
                                             United States Attorney

                        By:    /s/ J. Scott Gilbert
                                             J. SCOTT GILBERT
                                             Assistant United States Attorney
                                             Mississippi Bar No. 102123
                                             501 East Court Street, Suite 4.430
                                             Jackson, Mississippi 39201
                                             Phone: (601) 965-4480
                                             Fax: (601) 965-4409
                                             Email: Scott.Gilbert@usdoj.gov