IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

**V.**                                        **CRIMINAL NO. 3:14-CR-111-HTW-FKB**

**CHRISTOPHER B. EPPS**                                        **DEFENDANT**

**MOTION FOR CONTINUANCE**

Comes Now, your Defendant, Christopher B. Epps, by and through counsel, and files this Motion for Continuance of the evidentiary hearing set for June 9, 2016, in the above styled and referenced cause, and as grounds in support of same, would state unto this Honorable Court the following to-wit:

I.

On or about December 18, 2015, your defendant received the initial P.S.R. in this case. The P.S.R listed a total value of $327,643,336.85 for the contracts involved. [1] This amount suggested a 28 level increase pursuant to U.S.S.G § 2B1.1 (B)(1)(0), U.S.S.G. [2] Your defendant objected to using the full-contract amounts of $327,643,336.85 as the proposed net benefit based on Fifth Circuit case law. A revised P.S.R. was prepared around April 6, 2016, deleting this amount, but adding the missing amounts for Keefe, MTC, White Construction, and AJA Management now totaling $868,282,712.85 as the total contract amounts. However, since case law clearly stated the total contract amount cannot be used, probation used $1,400,000$^{00}$ which was the bribe amounts paid/received, as is allowed by U.S.S.G §2C1.1, which resulted in a proposed 14 level enhancement, pursuant to U.S.S.G §2B1.1 (B)(1)(H).

---

[1] Keefe and MTC were listed, but no amount of the contract was assigned or included.
[2] The table was changed, but had no effect as the proposed level enhancement.

II.

On April 11, 2016, this Court held a hearing on this issue. The Court directed the government to subpoena all contracts, vendors and related who had contracts with M.D.O.C for the time frame at issue (late 2007 to 2014) and to provide defense counsel and Probation with copies of the supporting documentation sufficiently in advance of the June 9, 2016 evidentiary hearing. [3/]

III.

Today, undersigned has received some documents and due to same cannot be prepared for the June 9, 2016 hearing. Undersigned was contacted on Friday, June 3, 2016, by the government and informed that the government had some of the material. On Monday, June 6, 2016, undersigned met with the government and reviewed some of the documents which consisted of summaries on about 1/3 of the contracts, but no supporting documents showing the methodology and/or itemization of what figures were used. [4/] At 1:50 p.m. today, undersigned received material on 8 of the 15 listed entities in the P.S.R., with no supporting documents.

IV.

Section 2C1.1, U.S.S.G. provides for four alternative ways to arrive at the figure to be used for the application of the Specific Offense Characteristic,

1. The value of the payment ...... This is known, UN-DISPUTED and used by probation in the current revised P.S.R. which is $1,400,000$^{00}$ calling for a fourteen (14) level increase.
2. The benefit received or to be received in
   Return for the payment .......... This figure has not been computed nor can it be computed within any reasonable time frame.
3. The value of anything obtained or to

<u>Return for the payment</u> ………. This figure has not been computed nor can it be computed within any reasonable time frame.

3. <u>The value of anything obtained or to Obtained by a public official</u> …….. This is known, UN-DISPUTED and used by probation as stated above.

Or

4. <u>The loss to the government from the offense</u> ……………………….. Technically there is no known financial loss to the Government M.D.O.C. or the State of Mississippi, other than the intangible right of Honest Services, and/or IRS from defendant's personal tax returns.

## V.

The example given in Application Note 3 pertaining to subsection (B)(2) states in part, if a $150,000$^{00}$ contract on which $20,000$^{00}$ profit was made was awarded in return for a bribe, the value of the benefit received is $20,000$^{00}$. However, neither the guidelines nor the application notes define "value of the benefit" which as the Court stated in <u>Ladners</u>, could mean gross value, net profits or some intermediate result, by deducting some but not all costs from the gross value. No where is it stated which costs should be deducted in addition to direct costs. <u>Ladners</u> says "net value" doesn't mean "net profit". [5/]

In <u>Ladners</u> the Court defined "Direct Cost" as all variable costs than can be specifically identified as costs of performing the contract, which might include transportation costs. Also, in the application notes it states…"where the value of the bribe exceeds the value of the benefit <u>or</u> "where the value of the benefit <u>cannot be determined</u>, the <u>value of the bribe is used</u>…" which is what undersigned propose here.

---

5/ As <u>United State v. Ladners</u>, 68F3d.882 (5th Cir. 1995), the Court interpreted §2F1.1, U.S.S.G, not §2C1.1, the language appears to be instructive.

Therefore, counsel submits there is no clear "methodology" for computing the benefit received in this extensive multifaceted case, and since case law suggest that this computation does not have to be exact, but only reasonable, the proper figure to use here is the $1,400,000$^{00}$

**WHEREFORE PREMISES CONSIDERED,** your Defendant, Christopher B. Epps, by and through undersigned counsel respectfully requests that this Motion for Continuance of the evidentiary hearing be received and considered by this Honorable Court and after same an Order issue granting continuance, or use the current, readily ascertainable figure of $1,400,000$^{00}$ as listed in the revised P.S.R.

This the 7th day of June, 2016.

Respectfully Submitted,

CHRISTOPHER B. EPPS,
DEFENDANT

*/s/ John M. Colette*,
Attorney for Defendant

**JOHN M. COLETTE, MSB #6376**
**SHERWOOD A. COLETTE, MSB#103488**
John M. Colette & Associates
190 East Capital Street, Suite 475
Jackson, MS 39205-0861
(601)355-6277 Office
(601)355-6283 Facsimile
Colettelawms@gmail.com

## CERTIFICATE OF SERVICE

I, John M. Colette, do hereby certify that I have on this date filed the foregoing with the clerk, and have served a true and correct copy of same via the Court's electronic filing system on all parties of record.

This the 6th day of June, 2016.

                                                                                 */s/ John M. Colette*
                                                                                 John M. Colette

**JOHN M. COLETTE, MSB #6376**
**SHERWOOD A. COLETTE #103488**
John M. Colette & Associates
190 East Capital Street, Suite 475
Jackson, MS 39205-0861
(601)355-6277 Office
(601)355-6283 Facsimile
Email: colettelawms@gmail.com